IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

DECEMBER 1998 SESSION



FILED

March 09, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 02C01-9703-CR-00109 |
| Appellee, | * | SHELBY COUNTY |
| VS. | * | Hon. James C. Beasley, Sr., Judge (by designation) |
| TYRONE CHALMERS, | * | |
| Appellant. | * | (Attempted Especially Aggravated Robbery and Attempted First Degree Murder) |
| | * | |

For Appellant:

Linda Kendall Garner
Attorney
50 North Front Street, Suite 780
Memphis, TN  38103

For Appellee:

John Knox Walkup
Attorney General and Reporter

Georgia Blythe Felner
Counsel for the State
Criminal Justice Division
Cordell Hull Building, Second Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

James Challen
Assistant District Attorney General
201 Poplar Avenue, Third Floor
Memphis, TN  38103

OPINION FILED:_____

JUDGMENT AFFIRMED; SENTENCES MODIFIED

GARY R. WADE, PRESIDING JUDGE

<u>OPINION</u>

The defendant, Tyrone Chalmers, entered guilty pleas of attempted especially aggravated robbery and attempted first degree murder. The trial court imposed Range I concurrent sentences of nine and twenty-five years, respectively. In this appeal of right, the defendant claims that the sentence is excessive because of the misapplication of an enhancement factor and the failure of the trial judge to adhere to the principles of sentencing. Due to the misapplication of an enhancement factor on each sentence, the judgment of the trial court is modified to provide for concurrent eight and twenty-four year sentences.

On August 20, 1994, at approximately 3:00 A.M., the victim, Joseph Hunter, was shot several times by the defendant. According to the presentence report, the victim was returning to his residence in his vehicle when the defendant yelled, "Give it up, give it up." The defendant then fired at least fourteen rounds from an automatic weapon. The victim was struck by three of the gunshots and was transported to the hospital in critical condition. The defendant claimed that if the victim had stopped and given him his money, he would not have fired the shots. After wounding the victim, the defendant ran. After the shooting, the defendant sold the weapon to buy cocaine. Losses suffered by the victim due to his medical care and the damage to his vehicle approximated $17,000.00.

At the sentencing hearing,[1] the defendant claimed to have found the weapon, possibly an AK-47, in an alley near the crime scene. He testified that when he saw the victim, he decided to commit a robbery so as to be able to buy illegal drugs. The defendant, who claimed that he did not know how to operate the

---

[1]At the time of this sentencing hearing, a first degree murder charge was pending against the defendant for an offense committed on the same date.

2

weapon and did not attempt to kill the victim, blamed his actions on being "under the influence of drugs." At the sentencing hearing, he asserted that he had resolved his drug problem during his time in jail prior to his guilty pleas.

The defendant, who was twenty-three years old at the time the sentence was imposed, was not married and had a four-year-old son. He had been employed as a welder for seven years at Zip Products, making $7.75 per hour, and had paid child support in the sum of $210.00 per month. He had a cocaine dependency throughout his years of employment.

_____Especially aggravated robbery is a Class A felony. Tenn. Code Ann. § 39-13-403. Because the defendant was charged and convicted of an attempt, this offense qualifies as a Class B felony with a range of eight to twelve years. Tenn. Code Ann. § 39-12-107. Attempt to commit first degree murder is a Class A felony having a range of fifteen to twenty-five years. Tenn. Code Ann. §§ 39-11-117(a)(2), 40-35-110, -112.

As to the attempt to commit especially aggravated robbery, the trial court found that there were no mitigating factors and concluded that a single enhancement applied: "The defendant had no hesitation about committing a crime when the risk to human life was high." Tenn. Code Ann. § 40-35-114(10). While the trial court determined that the defendant had some remorse for which he credited "slight" consideration, there were otherwise no mitigating factors. See Tenn. Code Ann. § 40-35-113.

As to the attempted first degree murder, the trial court determined that three enhancement factors were applicable:

3

(6) The personal injuries inflicted upon or the amount of damage to property sustained by or taken from the victim was particularly great;

(9) The defendant possessed or employed a firearm, explosive device or other deadly weapon during the commission of the offense; and

(10) The defendant had no hesitation about committing a crime when the risk to human life was high.

Tenn. Code Ann. § 40-35-114.

The trial court gave particularly great weight to enhancement factor (6) due to the extent of the injuries to the victim and the amount of damage he suffered. Again, the trial court determined that the defendant had expressed some remorse and also pointed out that the defendant had completed high school and had been gainfully employed at the same location over an extended period. The sentence of twenty-five years was imposed "to avoid depreciating the seriousness of the offense and to properly punish the defendant and protect the public...."

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the

nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

In calculating the sentence for felonies committed before July 1, 1995, the presumptive sentence is the minimum within the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c) (1990) (amended July 1, 1995 to provide that the presumptive sentence for a Class A felony as the midpoint in the range). If there are enhancement factors but no mitigating factors, the trial court may set the sentence above the minimum. Tenn. Code Ann. § 40-35-210(d). A sentence involving both enhancement and mitigating factors requires an assignment of relative weight for the enhancement factors as a means of increasing the sentence. Tenn. Code Ann. § 40-35-210. The sentence may then be reduced within the range by any weight assigned to the mitigating factors present. Id.

The defendant argues that enhancement factor (10) should not have been utilized because it was an essential element to the offense of aggravated robbery. Because there was no proof establishing risk to life other than that of the victim, the risk involved here was an essential element of the offense. Thus, enhancement factor (10) was inappropriately applied to the conviction for attempted especially aggravated robbery. State v. Sims, 909 S.W.2d 46, 50 (Tenn. Crim. App. 1995). The state concedes that the trial court so erred. See State v. Nix, 922 S.W.2d 894, 903 (Tenn. Crim. App. 1996). Because there were no other enhancement factors, the sentence must be modified to eight years. See Tenn. Code Ann. § 40-35-210(c).

5

Similarly, the state concedes that the application of enhancement factor (10) was inappropriately applied to the sentence for attempted first degree murder. The defendant does not contest the application of enhancement factor (6) or (9). Clearly, the trial court gave some weight to enhancement factor (10) but determined that the defendant still qualified for the maximum twenty-five year sentence despite the presence of mitigating factors:

> I do find that the defendant has expressed remorse, and I believe he's sincere in that, and regrets that it happened. He is unusual in that ... he did complete high school and was gainfully employed before he got in this trouble. Under the type of cases that the court is dealing with here, though, they are not entitled to very much weight; in fact, very little weight when I consider the [other] aggravating circumstances.

Utilizing the same rationale applied in the trial court and omitting the enhancement factor, this court orders a twenty-four year sentence by beginning at the minimum in the range, applying two enhancement factors, and providing for some mitigation due to the circumstances articulated in the trial court.

Accordingly, the judgment is affirmed except that the sentences shall be modified to eight years for attempted especially aggravated robbery and twenty-four years for attempted first degree murder.

_____
Gary R. Wade, Presiding Judge

CONCUR:

_____
Thomas T. Woodall, Judge

_____
John Everett Williams, Judge

6